UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                                        Case No.  8:05-cr-00307-SCB-MSS

MARSHA LYNN HOFFMAN-VAILE,

_____/

## ORDER

This cause comes before the Court on Defendant's Motion for a Post-Trial Judgment of Acquittal, or Alternatively, for a New Trial, pursuant to Rules 29(c), 33(a), and 33(b)(2) of the Federal Rules of Criminal Procedure.  (Doc. No. 101.)  The United States opposes this Motion. (Doc. No. 110.)

**I.     Standard of Review**

Federal Rule of Criminal Procedure 29 provides for a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.  When a defendant moves for a judgment of acquittal pursuant to Rule 29, the court must review the evidence in the light most favorable to the government and must deny the motion "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt."  *U.S. v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005) (citations omitted).  Under Rule 29, "[a]ll reasonable inferences and credibility choices must be made in favor of the government and the jury's verdict."  *Id.* (citation omitted).

Federal Rule of Criminal Procedure 33 provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires."  In determining whether to grant the

motion, the Court must carefully weigh the evidence and may assess the credibility of the witnesses. *See U.S. v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (citations omitted); *U.S. v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985) (citations omitted). If after weighing the evidence and assessing the credibility of witnesses the Court concludes that, "'despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred,'" the Court may set aside the verdict and grant a new trial. *Martinez*, 763 F.2d at 1312 (quoting *U.S. v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

**II.    Discussion**

Defendant argues that the Court should grant a post-trial judgment of acquittal, or alternatively, a new trial, for the following reasons: (1) because she was denied her right to trial by 12 fair and impartial jurors; (2) because of the cumulative effect of evidentiary errors; (3) because the Court refused to give Defendant's proposed jury instructions on her theory of defense; (4) because the United States' made improper comments during its closing arguments; (5) because the United States' expert "equivocated" in his testimony regarding procedure codes; (6) because 18 U.S.C. § 1519 prohibits interference with an investigation of "an agency of the United States," not interference with a grand jury investigation; (7) because the United States failed to comply with its obligation to provide timely access to information and material that is favorable to Defendant; (8) because the Court erred in overruling any and all objections raised by Defendant both pre-trial and during trial; and (9) because the Court erred in denying every motion raised by Defendant both pre-trial and during trial. Defendant previously raised all but two of these arguments during the course of the trial.

### A. Juror Jennie Jordan

Defendant argues for the first time that she was denied a fair trial by an impartial jury because Ms. Jennie Jordan was permitted to sit on the jury, despite the fact that she indicated that she would be bothered by a defendant's failure to testify. During voir dire, Ms. Jordan first stated that a defendant's decision not to testify "would be a factor in [her] decision." However, Ms. Jordan also stated that she believed she could be a fair and impartial juror, that she believed that the United States had to meet its burden to prove a defendant's guilt, and that she promised to follow all of the Court's instructions, including the instruction that she not consider whether the defendant testified. Therefore, Defendant's claim that she was denied a fair trial by an impartial jury lacks merit, and the Court denies Defendant's Motion on this basis.

### B. *Brady* Material

Defendant also argues for the first time that her due process rights were violated when the United States failed to provide timely access to information and material favorable to her case. To support this argument, Defendant notes that the United States' witness list included at least three of Defendant's former patients who the United States never called to testify at trial. Defendant further asserts that Agent New's Affidavit for Search Warrant "lends credence to the suspicion" that United States failed to disclose favorable information to her. According to Defendant, the Affidavit indicates that the United States interviewed patients, but never disclosed information regarding such interviews to Defendant. Defendant argues that the Affidavit also indicates that Dr. William Murray was reluctant to opine that Defendant had improperly performed CPT 14300 procedures on her patients, a fact which would have been favorable to Defendant's case.

In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed. 2d 215 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material to guilt or punishment, irrespective of the good faith of the prosecution." Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383, 87 L. Ed. 2d 481 (1985). "The question is not whether the defendant would more likely than not have received a different verdict with the [concealed] evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *United States v. Noreiga*, 117 F.3d 1206, 1219 (11th Cir. 1997) (quotation omitted).

Here, Defendant has not identified any potential evidence, let alone any material evidence, that the United States improperly withheld from her. Rather, Defendant's vague allegations are based only on her mere "suspicion." Defendant mischaractertizes Dr. Murray's statements that are reflected in the Affidavit. The Affidavit, read in context, reveals that Dr. Murray stated that he treated Defendant's former patients and that such "patients have straight-line scars, but . . . were charged for advancement flaps and/or skin grafts." These statements are entirely consistent with the expert testimony presented at trial and do not indicate that the United States failed to provide favorable information to Defendant, despite her argument to the contrary. Furthermore, Defendant has provided no support for her claim that the United States failed to provide favorable information regarding her patients. The United States listed these patients as potential witnesses, but made a strategic decision not to call them to testify.

Defendant's remaining arguments for judgment of acquittal or new trial are unpersuasive.

Other than the two issues discussed above, Defendant's Motion is essentially a reiteration of the same arguments presented to the Court during the course of the trial. The Court has already considered these arguments at length, and Defendant has not put forth any new legal authority that would require the Court to reverse its previous rulings. The Court therefore denies Defendant's Motion on these remaining grounds.

### III.     Conclusion

Accordingly, because Defendant has failed to show any basis for a judgment of acquittal or a new trial, the Court hereby denies Defendant's Motion.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of October, 2006.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge